IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANNA MILLER                                    PLAINTIFF

    v.              Case No.: 09-6103

DARIN MEYERS                                   DEFENDANT

### MEMORANDUM OPINION AND ORDER

Before the Court are Defendant's Motion to Dismiss and supporting brief (Docs. 3-4) and Plaintiff's Response (Doc. 5). Defendant contends Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as such action is precluded by a Property Settlement Agreement and Decree of Divorce between the parties. Alternatively, Defendant contends the Court should order Plaintiff to provide a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

Plaintiff's Complaint alleges private causes of action for violations of certain federal criminal statutes, specifically: 18 U.S.C. § 1030, *et seq.* for Fraud in Connection with Computers; 18 U.S.C. § 2701, *et seq.* for Unlawful Access to Stored Communications; and 18 U.S.C. § 2511, *et seq.* for Interception and Disclosure of Electronic Communications. Plaintiff also asserts claims for Unlawful Use or Access to Computers, Computer Trespass, Unlawful Act Regarding a Computer, Breach of Contract and Intentional Infliction of Emotional Distress under Arkansas law.

-1-

**Motion to Dismiss Standard**

In ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true, and all reasonable inferences from the complaint must be drawn in favor of the non-moving party. *Hafley v. Lohman,* 90 F.3d 264, 266 (8th Cir. 1996). Complaints should be liberally construed in the plaintiff's favor and "'should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle [her] to relief.'" *Rucci v. City of Pacific,* 327 F.3d 651, 652 (8th Cir. 2003) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Defendant contends that their divorce decree prevents Plaintiff from bringing these claims and cites to a provision that states:

> "[t]he parties have entered into a Property Settlement Agreement which forever settles the respective rights and claims of each party in and to property and other matters, which agreement is filed herein and made a part of this decree by reference."

(doc. 3, ex. C). Further, Defendant cites to paragraph eleven of the Property Settlement Agreement which states:

> "[i]t is the purpose of the parties to this agreement that it fully and finally settle, resolve and terminate any and all claims, demands and rights whatever kind or nature between the parties."

(doc. 3, ex. B).

Plaintiff contends that the divorce decree and settlement agreement do not extend to bar any and all types of claims, only

-2-

those heard in the divorce proceeding.  Further, she contends she was unaware of these claims at the time the divorce and settlement agreement were finalized.

The domestic relations exception divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody.  *Ankenbrandt v. Richards*, 504 U.S. 689 (1992).  Additionally, when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction.  *See Lannan v. Maul*, 979 F.2d 627, 631 (8th Cir. 1992).

Plaintiff's Complaint states an independent basis for federal jurisdiction, *i.e.*, the alleged violations of certain federal statutes.  While the alleged conduct may have taken place during the pendency of the divorce proceedings, the Court does not find Plaintiff's claims to be so inextricably intertwined with the prior property settlement and divorce decree to divest this court of jurisdiction.  Further, as previously stated, Plaintiff's Complaint alleges federal question jurisdiction pursuant to 28 U.S.C. § 1331, as opposed to diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Accordingly, Defendant's Motion to Dismiss is **DENIED**.

Defendant further moves, in the alternative, for a more definite statement (doc. 3) pursuant to Rule 12(e) of the Federal

Rules of Civil Procedure.  Defendant contends the Complaint is not supported by well-pleaded facts as it does not state a time period for when these illegal activities were allegedly conducted; how or to whom the information was allegedly disclosed, etc. (doc. 3, ¶ 10).  The Court has reviewed Plaintiff's Complaint in detail and finds Defendant's 12(e) motion should be GRANTED.  Plaintiff is permitted leave to amend her complaint and should include a time frame of when the alleged activities took place.  Plaintiff's Amended Complaint should be filed within fourteen (14) days of the date of this order.

**Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 3) is **DENIED.**  Defendant's Alternative Motion for More Definite Statement (doc. 3) is **GRANTED,** and Plaintiff is directed to file an Amended Complaint within fourteen (14) days.

IT IS SO ORDERED this 4th day of March, 2010.


/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

-4-