```
               IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                      HOT SPRINGS DIVISION
```

ANNA MILLER                                                    PLAINTIFF

v.                    CASE NO. 06:09-CV-6103

DARIN MEYERS                                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Plaintiff's Motion for Summary Judgment and supporting documents (docs. 18-19), Defendant's Motion for Summary Judgment and supporting documents (docs. 20-21), Plaintiff's Motion for Summary Judgment with Respect to Defendant's Counterclaim and supporting documents (docs. 22-23), Defendant's various Responses and Replies (docs. 28-29,32), and Plaintiff's various Responses and Replies (docs. 25, 33-34).

Plaintiff Anna Miller's Amended Complaint alleges private causes of action for violations of certain federal criminal statutes, specifically: *18 U.S.C. § 1030, et seq.* for Fraud in Connection with Computers; *18 U.S.C. § 2701, et seq.* for Unlawful Access to Stored Communications; and *18 U.S.C. § 2511, et seq.* for Interception and Disclosure of Electronic Communications. Plaintiff also asserts claims for Unlawful Use or Access to Computers, Computer Trespass, Unlawful Act Regarding a Computer, Breach of Contract and Intentional Infliction of Emotional Distress under Arkansas law. Defendant Darin Meyers brings a Counterclaim alleging that, by bringing her claims, Plaintiff breached an

agreement between the parties which included a clause acknowledging that any and all claims between the parties were settled.

As reflected herein, Plaintiff's Motion for Summary Judgment (doc. 18) is **GRANTED in part and DENIED in part**, Defendant's Motion for Summary Judgment (doc. 20) is **GRANTED in part and DENIED in part**, and Plaintiff's Motion for Summary Judgment (doc. 22) as to Defendant's Counterclaim is **GRANTED**.

**I. Background**

The claims currently before the Court stem from Defendant's alleged access to, and use and disclosure of, certain information obtained from Plaintiff's personal on-line accounts. Defendant admittedly obtained such information and monitored his then-wife's activity prior to the commencement of divorce proceedings. Defendant was able to access password-protected information by installing a key-logger program onto the computer primarily used by Plaintiff. During the divorce proceedings and again during a later custody proceeding, Defendant used certain information he obtained from Plaintiff's accounts. Both proceedings were initiated by Plaintiff. The parties signed a Property Settlement Agreement as a part of the divorce proceeding and share custody of their two children.

Defendant contends that the parties' divorce decree prevents Plaintiff from bringing her claims, citing to the following provision:

> The parties have entered into a Property Settlement Agreement which forever settles the respective rights and claims of each party in and to property and other matters, which agreement is filed herein and made a part of this decree by reference.

(Doc. 3 Ex. C at ¶ 4). Defendant then cites to paragraph eleven of the Property Settlement Agreement which states the following:

> It is the purpose of the parties to this agreement that it fully and finally settle, resolve and terminate any and all claims, demands and rights whatever kind or nature between the parties.

(Doc. 3 Ex. B at ¶ 11).

Plaintiff contends that the divorce decree and settlement agreement do not extend to bar all types of claims, but rather bars only those claims heard in the divorce proceeding. Plaintiff further contends she was unaware of the conduct that is the subject of these claims at the time the divorce and settlement agreement were finalized.

## II. Summary Judgment Standard

In determining whether summary judgment is appropriate, the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Nat'l. Bank of Commerce of El Dorado, Ark. v. Dow Chem.*

*Co.,* 165 F.3d 602 (8th Cir. 1999). The Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.,* 135 F.3d 1211, 1212-13 (8th Cir. 1998) *(*citing *Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir. 1983))*.*

Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in *Rule 56*, must set forth specific facts showing that there is a genuine issue for trial. *Ghane v. West,* 148 F.3d 979, 981 (8th Cir. 1998)(citing *Burst v. Adolph Coors Co.,* 650 F.2d 930, 932 (8th Cir. 1981)). In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.,* 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). Furthermore, "[w]here the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Aucutt v. Six Flags Over Mid-America, Inc.*, 85 F.3d 1311, 1315 (8th Cir. 1996)(quoting *Crain v. Bd. of Police Comm'rs,* 920 F.2d 1402, 1405-06 (8th Cir. 1990))*.*

**III. Plaintiff's Claims**

As a threshold matter, Defendant claims that Plaintiff is barred from bringing her claims by the terms of the Property Settlement Agreement (the "Agreement") signed by both parties as a part of the parties' divorce proceeding.  Defendant's counterclaim alleges that Plaintiff is in breach of contract for bringing the present claims.  In signing the Agreement, both parties acknowledged that they had been represented by counsel prior to executing the Agreement. "Settlement agreements are contracts subject to the general rules of contract construction." *Hill v. Southside Public Schools*, 688 F.Supp. 493, 497 (E.D. Ark. 1988) (quoting *N.L.R.B. v. Superior Forwarding, Inc.*, 762 F.2d 695, 697 (8th Cir. 1985)).  The Court is to construe any agreement to give effect to the intent of the parties. *Id.*  The intent of the parties is determined by reviewing the language of the contract itself, as well as by considering "the circumstances surrounding the making of the contract, its subject, and the situation and relation of the parties at the time of its making."  *Id.* (quoting *Louisiana-Nevada Transit Co. V. Woods*, 393 F. Supp. 177, 184 (W.D. Ark. 1975)).

The Agreement was meant to settle any and all claims related to the divorce proceeding.  It strains logic to infer that the parties' intended to waive the ability to bring any and all claims, including federal claims that could not have been litigated in a state divorce proceeding, that could ever potentially arise between

the parties. Taking into consideration the fact that the parties were forming and signing the agreement in the context of a divorce proceeding; the subject and purpose of the agreement was to settle issues "arising out of this [divorce] litigation". (Doc. 8, p. 11, ex. A). The fact that the divorce proceeding took place in state court that would not have jurisdiction over many of the claims Plaintiff now raises, can only lead the Court to conclude that Plaintiff did not waive her ability to bring the instant claims. While the alleged conduct may have taken place prior to and during the pendency of the divorce proceedings, the Court does not find Plaintiff's claims to be intertwined with the Agreement such that she would now be precluded from bringing her claims in federal court.

Defendant also argues that Plaintiff is precluded from bringing her claims because the court presiding over the custody proceeding admitted the materials that he accessed into evidence. A court's admission of materials into evidence is not relevant to the issues currently before the court. The judge in that proceeding made no determination as to the merits of the present claims. As Defendant points out, Plaintiff may have been able to appeal the decision to admit the evidence, but she also has the independent ability to pursue separate claims in this Court. For these reasons, the Court finds that Plaintiff is entitled to Summary Judgment on Defendant's Counterclaim, and her motion as to

the counterclaim (doc. 22) is **GRANTED**.

### A. Statutory Claims

#### i. Federal Computer Fraud and Abuse Act

The Court denies summary judgment to either party on Plaintiff's allegation of fraud in connection with computers in violation of *18 U.S.C. § 1030*. After reviewing the filings provided by both parties, genuine issues of material fact remain, including but not limited to, whether or not Plaintiff has suffered a loss in excess of $5000, which is required to trigger a civil cause of action under *18 U.S.C. § 1030(c)(4)(A)(i)(I)*.

#### ii. Federal Stored Communications Act (SCA)

The relevant section of the SCA provides that whoever "intentionally accesses without authorization a facility through which an electronic communication service is provided; or intentionally exceeds an authorization to access that facility; and thereby obtains . . . access to a wire or electronic communication while it is in electronic storage in such system shall be punished . . ." *18 U.S.C. § 2701(a)*. The statute allows for private causes of action where "any person" injured by a violation of the SCA can show that the person violating the Act acted with a "knowing or intentional state of mind[.]" *18 U.S.C. § 2707(a).* "[W]here the facts indisputably present a case of an individual logging onto another's e-mail account without permission and reviewing the material therein, a summary judgment finding of an SCA violation is

appropriate." *Cardinal Health 414, Inc. v. Adams*, 582 F. Supp. 2d 967, 976 (M.D. Tenn. 2008) (citing *Wyatt Tech. Corp. v. Smithson*, No. 05-1309, 2006 WL 5668246, **9-10 (C.D. Cal. 2006)). The Court finds no genuine issue of any material fact regarding Defendant's unlawful access to Plaintiff's stored communications. Defendant has admitted to using a keylogger program to obtain Plaintiff's passwords. Defendant then used those passwords to access Plaintiff's email account without authorization. Summary judgment for Plaintiff on this count as to liability is, therefore, appropriate. The amount of damages, if any, may be determined at trial.

### iii. Federal Wiretap Act (FWA)

The Court finds, as a matter of law, that Defendant's conduct in this case is not the type of conduct Congress sought to address through the Federal Wiretapping Act. Furthermore, Plaintiff has raised no genuine issue as to whether Defendant actually intercepted any emails or other information contemporaneously with its transmission, as is required for a finding of liability under *18 U.S.C. § 2511. See e.g., Fraser v. Nationwide Mut. Ins. Co.,* 352 F.3d 107, 113 (3rd Cir. 2003); *U.S. v. Steiger*, 318 F.3d 1039, 1047 (11th Cir. 2003); *In re Pharmatrak, Inc.*, 329 F.3d 9 (1st Cir. 2003); Konop *v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002); *Steven Jackson Games, Inc. v. U.S. Secret Serv.,* 36 F.3d 457, 463 (5th Cir. 1994). "Simply because e-mail is not

readily susceptible to 'interception' does not mean that the courts should bend the language of the statute so it provides an additional avenue of relief to a supposedly aggrieved party." *Cardinal Health*, 582 F.Supp. 2d at 980-81. "Congress has provided a remedy for the individual whose e-mails are accessed in an unauthorized way - the SCA." *Id.*

Contrary to what Defendant contends in his filings, the Eighth Circuit has indicated that the method and manner of monitoring is an important consideration in determining liability under the FWA. *See Platt v. Platt*, 951 F.2d 159, 161 (8th Cir. 1989). The covert installation of an automatic recording device would be more likely to violate the FWA, while eavesdropping on a telephone conversation using an extension line has been found to be an exception to liability under the FWA. *See id.* The Court finds that Defendant's monitoring of internet traffic on his own home network is analogous to the latter. For instance, Plaintiff has presented no evidence that Defendant recorded any information during the course of his monitoring, and there is some indication that Plaintiff was aware, or should have been aware, that Defendant was monitoring her. Defendant's monitoring activity should be excepted from liability under the FWA. Furthermore, the key logger only allowed Defendant to learn passwords, which were used to access Plaintiff's e-mails. Defendant did not obtain e-mails contemporaneously with their transmission, and thus, the FWA does not apply. *See Bailey v.*

*Bailey*, 2008 U.S. Dist. LEXIS 8565, *12 (E.D. Mich. 2008) (finding FWA did not apply to case in which ex-husband used keylogger to access his then wife's e-mails).  The Court finds, as a matter of law, that Defendant's conduct in monitoring internet traffic on his home network and in using a keylogger program to access his then wife's e-mails was not a violation of the FWA.  Defendant's Motion for Summary Judgment is therefore granted as to Plaintiff's claims under the FWA.

### iv. Statutory State Law Claims

Plaintiff contends that Defendant should be found liable for computer trespass under *Ark. Code Ann. § 5-41-104*.  While there is little case law interpreting this particular statute, it is clear to the court that Defendant intentionally accessed the MySpace and Yahoo computer networks without authorization and should now be held liable for computer trespass.  While the extent of Plaintiff's actual injury, under this statute is not entirely clear, the Court finds that she has at least sustained some minor damages in changing her passwords and assessing the consequences of her husband's snooping. *See Cardinal Health 414, Inc. v. Adams*, 582 Supp.2d 967, 982 (M.D. Tenn. 2008) (finding minor damages to a plaintiff under a similar state statute).  The Court therefore finds that summary judgment should be granted in favor of Plaintiff on this count as to liability, and any damages may be determined at trial.

As to Plaintiff's claims for unlawful use or access to a computer, *Ark. Code Ann. § 5-41-203*, and unlawful act regarding a computer, *Ark. Code Ann. § 5-41-202*, violations of those statutes do not appear to give rise to civil liability. The language of both statutes addresses only criminal sanctions and does not mention civil penalties. This Court declines to create a private cause of action where one has not previously been created by the Arkansas state legislature unless there is an otherwise strong indication of the legislature's intention that a civil remedy should be available. Here, the state legislature provided for a private cause of action under the computer trespass statute, which is where Plaintiff's civil remedy under Arkansas statutory law must lie in this case.

**B. Breach of Contract**

The Court declines to grant summary judgment to either party on this claim. Genuine issues remain as to various material facts, including whether there was a valid, enforceable agreement between the parties as to non-disclosure of materials used in the divorce proceeding and whether Defendant's conduct violated any agreement that may be found to exist.

**C. Intentional Infliction of Emotional Distress**

Arkansas courts have taken a very narrow view of claims of intentional infliction of emotional distress, or outrage. *See Faulkner v. Arkansas Childrens Hospital*, 347 Ark. 941, 69 S.W.3d

393, 404 (2002). Merely describing conduct as outrageous does not make it so. *Id.* at 404. Defendant's conduct of monitoring the internet traffic on his home network and using a keylogger to access his then wife's e-mails, and then using copies of those documents in divorce and custody proceedings is not extreme and outrageous conduct. A husband prying into his wife's email, after learning that she was engaging in conversations and photo sharing, and then using damaging emails in a divorce and custody proceedings can hardly be considered "extreme and outrageous," "beyond all possible bounds of decency," or "utterly intolerable in a civilized society." *Crockett v. Essex*, 341 Ark. 558, 19 S.W.3d 585 (2000) (listing elements of the tort of outrage). Defendant is entitled to summary judgment on this claim.

## V. Conclusion

Based on the foregoing, Plaintiff's Motion for Summary Judgment on Plaintiff's Claims (doc. 18) is **GRANTED** as to Plaintiff's Federal Stored Communications Act (SCA) and computer trespass claims and **DENIED** as to Plaintiff's Claims under the Federal Computer Fraud and Abuse Act and Federal Wiretap Act, as well as Plaintiff's state law claims for Unlawful Use or Access to a Computer, Unlawful Act Regarding a Computer, Breach of Contract, and Intentional Infliction of Emotional Distress.

Plaintiff's Motion for Summary Judgment as to Defendant's Counterclaim (doc. 22) is **GRANTED,** and the Counterclaim is

**DISMISSED WITH PREJUDICE.**

Defendant's Motion for Summary Judgment (doc. 20) is **GRANTED** as to Plaintiff's claims for a violation of the Federal Wiretap Act, Unlawful Use or Access to a Computer, Unlawful Act Regarding a Computer and Intentional Infliction of Emotional Distress, and these claims are **DISMISSED WITH PREJUDICE.**  Defendant's Motion (doc. 20) is **DENIED** as to Plaintiff's claims under the Federal Computer Fraud and Abuse Act and the SCA, as well as Plaintiff's state law claims for Computer Trespass and Breach of Contract.

Plaintiff's claims under the Federal Computer Fraud and Abuse Act and for breach of contract remain set for trial beginning **Wednesday, February 2, 2011 at 9:00 a.m.**  Also remaining for trial is the issue of damages, if any, resulting from Defendant's violation of the SCA and computer trespass.  A pretrial conference is hereby scheduled for **February 1, 2011, at 3:00 p.m.** in Hot Springs.

IT IS SO ORDERED THIS 21st day of January, 2011.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge